MATTER OF WONG

In Visa Petition Proceedings

A–19168778

*Decided by Board September 18, 1972*

Since a visa petition involving a claimed adoptive relationship must be considered from a factual point of view to determine if the claimed familial relationship is established, the instant visa petition to accord beneficiary fourth preference classification on the basis of her claimed adoption in Hong Kong in 1951 by the U.S. citizen petitioner's wife (allegedly unmarried at the time) is remanded to the District Director to make appropriate findings as to the factual validity of the adoption, with particular attention to the exploration of questions raised by certain factual discrepancies relating to identity of the parties and the existence of the adoptive relationship, and to require the submission of supporting secondary evidence in the form of affidavits executed by petitioner and his wife, by witnesses to the adoption, and by relatives and neighbors.

ON BEHALF OF PETITIONER:
Z. B. Jackson, Esquire
580 Washington Street
San Francisco, California 94111
(Brief filed)

ON BEHALF OF SERVICE:
R. A. Vielhaber
Appellate Trial Attorney
(Brief filed)

The United States citizen petitioner applied for preference status for the beneficiary as his married adopted stepdaughter under section 203(a)(4) of the Immigration and Nationality Act. The District Director, in an order dated April 16, 1969, denied the application. From that order the petitioner appeals. The case will be remanded.

The beneficiary is a female of Chinese ancestry who was born in Canton, China in 1948. She was purportedly adopted in Hong Kong in 1951 by Leung Wai Jun, at a time when Leung Wai Jun was not married. The petitioner married Leung Wai Jun in Hong Kong in 1959. The beneficiary, who was reportedly married in Hong Kong on March 14, 1959, now resides in French Guiana.

The District Director denied the application for the reason that the purported adoption did not conform to Article 1078 of the Civil Code of the Nationalist Republic of China. Article 1078 required that an adopted child assume the surname of the adopter. The

petitioner urges that the Civil Code applies to his case. In the present case, the beneficiary, whose family name originally was Cheng, was reportedly given the name Wong May Po at the time of adoption. The petitioner claims that this was done because Wong was the surname of the deceased fiancé of Leung Wai Jun.

It is settled that the law of adoption applicable to Chinese domiciled in Hong Kong, in addition to recent enactments by the Hong Kong government, has been Chinese law and custom. See *Matter of Yue*, 12 I. & N. Dec. 747 (BIA, 1968) and *Matter of Ng*, Interim Decision No. 2147 (BIA, April 28, 1972). The provisions on adoption of the Civil Code of the Nationalist Republic were in force in mainland China from May 5, 1931 until the People's Republic of China took over in 1950. The Civil Code remains in effect on Taiwan under the Nationalist government in power there. It never was in force in Hong Kong. Hence, the District Director was incorrect in relying upon the provisions of the Civil Code of the Republic of China in the present case.

In any case involving a claimed adoptive relationship, the petition must be considered from a factual point of view to see if the claimed familial relationship is established. In visa petition proceedings the burden of proof to establish eligibility for the benefit sought under the immigration laws rests with the petitioner, *Matter of Brantigan*, 11 I. & N. Dec. 493 (BIA, 1966). An application for preference classification must be accompanied by evidence of family relationship, 8 CFR 204.2(c)(1).

In the present case the District Director never reached the question of the factual validity of the claimed adoption and made no findings in that regard. Hence, there are no findings before us for review. We shall remand the matter to the District Director in order that he may make the appropriate findings. In doing so, however, we believe it proper for us to note certain factual discrepancies that our examination of the record has disclosed.

In any case in which an adoption is claimed to have taken place, it goes without saying that the identity of the parties must be established with a reasonable degree of certainty. In the present case, which involves a written agreement of adoption, there is no evidence that the petitioner's wife and the beneficiary are the persons named in the adoption paper. We note that the name of the adoptive parent is merely given as "Leung Shee." It is claimed that Leung Shee and Leung Wai Jun are the same person.

When a Chinese female is married she retains her original family name and adds the suffix "Shee." The name "Leung Shee," then, could relate to any married female of the Leung family. We note that the petitioner's wife was allegedly unmarried at the time

of the purported adoption. Therefore, she was not technically entitled to be called Leung Shee.

In addition, the petitioner's wife stated under oath that at the time of the adoption she was living with her mother and a sister, Leung Chow Sue. A photograph submitted by the petitioner, identified as having been taken in 1960, shows an adult female with the name Leung Lai Ming. Leung Lai Ming is not further identified. If either Leung Chow Sue or Leung Lai Ming were married at the time of adoption she would have been entitled to the appellation "Leung Shee" and she could have been the adoptive mother referred to in the instrument.

The fact that the beneficiary was given the surname of a deceased fiancé of the petitioner's wife raises the possibility that the beneficiary was either (1) adopted by the deceased fiancé's family, or (2) was actually an illegitimate child of the petitioner's wife. In the latter case she would still qualify as a "child" for purposes of the immigration laws, under section 101(b)(1)(D).

Inasmuch as the present case, like most Chinese adoption cases, is not grounded upon a recorded formal decree of adoption, it is necessary to determine the validity of the claimed adoption by means of a careful weighing of other probative secondary evidentiary material.

Accordingly, it would be proper to require that the petitioner submit affidavits executed by (1) himself and his spouse, (2) witnesses to the adoption ceremony, and (3) relatives and neighbors. The record before us contains none of these.

There are other actions on the part of the petitioner and his wife that seem inconsistent with the existence of an adoptive relationship. That is, the petitioner's wife came to the United States in 1960, but waited eight years before attempting to bring the beneficiary here. Also, the petitioner made no reference to an adopted daughter at the time of his entry.

In sum, a number of important questions have been raised which must be explored more fully. We feel that the proper development of the issues present in this case is essential before any determination can be made by us. For that reason the matter will be remanded to the District Director for further proceedings in line with the comments set forth above. The following order will accordingly be entered.

**ORDER:** The case is remanded to the District Director for further proceedings consistent with the foregoing opinion.